UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-cr-40070-SLD |
| | ) |
| FRANK MARION STOUT, JR., | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are Defendant Frank Marion Stout, Jr.'s pro se Motion Requesting Compassionate Release, ECF No. 65, counseled Motion for Compassionate Release, ECF No. 67, and Motion for Leave to File Under Seal, ECF No. 68. For the reasons that follow, the motions for compassionate release are DENIED, and the motion for leave to file under seal is GRANTED.

**BACKGROUND**

On February 4, 2019, Defendant was sentenced to 168 months of imprisonment for receipt and possession of child pornography. *See* Judgment 1–2, ECF No. 59. He is currently serving his sentence at Federal Correctional Institution Forrest City Low in Forrest City, Arkansas and is scheduled to be released February 5, 2031. *See* Find an inmate, Fed. Bureau of Prisons ("BOP"), https://www.bop.gov/inmateloc/ (search for Frank Marion Stout) (last visited Jan. 26, 2021). In light of the ongoing COVID-19 pandemic, Defendant filed a pro se motion for an order reducing his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). The Court appointed the Federal Public Defender to represent Defendant with respect to this motion. *See* Oct. 15, 2020 Text Order. An amended motion was filed by counsel on November 2, 2020. The United States opposes Defendant's request for compassionate release. Resp., ECF No. 70.

## DISCUSSION

### I. Legal Standard

"[A] judgment of conviction that includes . . . a sentence [of imprisonment] constitutes a final judgment" that can be modified in only certain enumerated circumstances. 18 U.S.C. § 3582(b). As relevant here:

> [a] court, upon motion of the Director of the [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that (i) extraordinary and compelling reasons warrant such a reduction

and that a reduction is "consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A). "The defendant has the burden to show he is entitled to a sentence reduction." *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *cf. United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("A party with an affirmative goal and presumptive access to proof on a given issue normally has the burden of proof as to that issue.").

### II. Analysis

Defendant argues that he has established an extraordinary and compelling reason for release because he has underlying medical conditions that increase his risk for severe illness from COVID-19 and "he is housed in an institution overrun by the COVID-19 virus." Mot. Compassionate Release 7. He acknowledges that he has already had COVID-19 but argues there is a risk of him becoming infected again and that "[i]f he is infected again, there is a real risk he will suffer more severe illness from the virus." *Id.* at 8. The United States argues that Defendant has not established an extraordinary and compelling reason for release because of "the

speculative nature and scientific uncertainty of reinfection and its effects on someone who has already recovered from COVID-19." Resp. 19–20. It argues that because he was asymptomatic during his first COVID-19 infection, even if he were to contract the virus again, he likely would not suffer serious complications. *See id.* at 23; *id.* at 24–25 ("[T]he defendant's risk of complications is no longer hypothetical: he actually contracted COVID-19 and suffered no significant ill effects, which indicates that his risk of life-threatening complications is actually *less* than the general population's."). Alternatively, the United States argues that the § 3553(a) factors weigh against releasing Defendant. *Id.* at 1, 26–27.[1]

This Court has found that a defendant establishes an extraordinary and compelling reason for release if he has an underlying condition that puts him at risk for serious illness or death should he contract COVID-19. *See, e.g.*, *United States v. Zarate*, 2:14-cr-20065 (C.D. Ill. Sept. 18, 2020). And the Court further notes that this is consistent with the Sentencing Commission's "working definition" of extraordinary and compelling reasons, *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020). *See* U.S. Sentencing Guidelines Manual § 1B1.13 cmt. n.1(A)(ii) (providing that extraordinary and compelling reasons for release exist if a defendant suffers from a serious medical condition "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"). The United States agrees that "[i]f an inmate has a chronic medical condition that has been identified by the [Centers for Disease Control and Prevention ("CDC")] as elevating the inmate's risk of becoming seriously ill from COVID-19, that condition may satisfy the standard of 'extraordinary and compelling reasons.'" Resp. 17 (footnote omitted).

---

[1] The United States concedes that Defendant has met the exhaustion requirement. Resp. 14–15. The Court therefore need not address it. *Cf. United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense, not a jurisdictional issue that the court must reach even if the litigants elect not to raise it." (citations omitted)).

And it agrees that Defendant has conditions which the CDC has recognized as increasing the risk of severe illness from COVID-19. *Id.* at 23 (noting that Defendant has "type 2 diabetes, hypertension, and obesity"). But it then argues that because Defendant already had COVID-19 and suffered no serious complications, he will not suffer serious complications even if he is reinfected, notwithstanding his underlying medical conditions. *See id.* at 24–25.

Both parties cite to news articles discussing medical evidence that they argue favors their position. *See* Mot. Compassionate Release 7–8; Resp. 23–24. The CDC acknowledge that "[c]ases of reinfection with COVID-19 have been reported" but state that they "remain rare." Reinfection with COVID-19, CDC, https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated Oct. 27, 2020). The CDC also state that "[t]he immune response, including duration of immunity, to SARS-CoV-2 infection is not yet understood." Clinical Questions about COVID-19: Questions and Answers, CDC, https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html (last updated Jan. 7, 2021) (scroll to Transmission and click on "Can people who recover from COVID-19 be re-infected with SARS-CoV-2?"). And they note that "[o]ngoing COVID-19 studies will help establish the frequency and severity of reinfection and who might be at higher risk for reinfection." *Id.* It appears that reinfection is possible, but the Court is not in a position to—based on the limited studies available of a still novel virus—determine whether reinfection is probable or, more importantly, whether a second infection would be likely to follow the same course as a first infection.

In any case, even if the Court were to find that Defendant had established an extraordinary and compelling reason for release, it would find that release is unwarranted considering the § 3553(a) factors. These factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); "the need

for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); "the need for the sentence imposed to afford adequate deterrence to criminal conduct," *id.* § 3553(a)(2)(B); and "the need for the sentence imposed to protect the public from further crimes of the defendant," *id.* § 3553(a)(2)(C).

Defendant searched for and downloaded child pornography (preferring images of prepubescent females around eight to ten years old) for approximately ten years. Third Revised Presentence Investigation Report ("PSR") ¶¶ 17, 20, ECF No. 57; Sentencing Hr'g Tr. 116:5–6, ECF No. 63. A forensic examination of Defendant's computer identified a substantial collection of child pornography: 420 videos (200 of which were over five minutes long and twenty of which were over ten minutes long) and 3,587 images. PSR ¶ 21. Over sixty images contained sadistic or masochistic conduct. *Id.* In 2015, his conduct escalated. He installed a hidden camera in the bathroom of the residence he shared with his girlfriend and her two minor children and recorded videos of the minor children removing their clothes and showering. *Id.* ¶ 14. Even after they moved out, he invited the younger child over to swim in his pool and recorded her undressing and putting on her swimsuit. *See id.* ¶ 15; Sentencing Hr'g Tr. 12:2–6. These victims were notified of Defendant's motion, and the mother of the two children wrote a statement opposing Defendant's release, stating her belief that he has not served enough time for his crime. *See* Victim Statement, Resp. Ex. 1, ECF No. 70-1.

Defendant had no criminal history prior to the instant offense, PSR ¶¶ 45–46, and he represents that the BOP places him in the minimum risk to recidivate category, Mot. Compassionate Release 16. But the Court found at the sentencing hearing that Defendant posed a low-moderate to moderate risk to recidivate and noted that that conclusion was consistent with

Defendant's expert psychologist's testimony at the hearing about the results of risk assessments specific to sex offenders and child pornography offenders that he performed on Defendant. Sentencing Hr'g Tr. 29:18–30:4; 120:19–121:2.

Defendant has served less than twenty-four months of his 168-month sentence and is not scheduled to be released for another ten years. Releasing him now would undermine the need for the sentence imposed to reflect the seriousness of the offense, the need to provide deterrence, the need to promote respect for the law, and the need to provide just punishment. The Court therefore denies Defendant's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A).

## CONCLUSION

Accordingly, Defendant's pro se Motion Requesting Compassionate Release, ECF No. 65, and counseled Motion for Compassionate Release, ECF No. 67, are DENIED. His Motion for Leave to File Under Seal, ECF No. 68, is GRANTED because his medical records should be sealed.

Entered this 26th day of January, 2021.

s/ Sara Darrow<br>
SARA DARROW<br>
CHIEF UNITED STATES DISTRICT JUDGE